**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-4219**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRIAN K. HENDRIX,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:15-cr-00172-TSE-5)

───────────

Submitted: January 31, 2017   Decided: February 7, 2017

───────────

Before WILKINSON, KING, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Gregory T. Hunter, Arlington, Virginia, for Appellant. Dana J. Boente, United States Attorney, Tracy Doherty-McCormick, Assistant United States Attorney, Alexandria, Virginia; Lauren Britsch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brian K. Hendrix of conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a), (e); conspiracy to distribute and receive child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b); and conspiracy to possess and access child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). The district court sentenced Hendrix to a total of 252 months in prison. Hendrix timely appeals.

At the close of the Government's evidence, Hendrix filed a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29, asserting that the Government failed to establish venue. The Government had presented evidence that relevant events occurred in Lorton, Virginia, but neglected to establish that Lorton is in the Eastern District of Virginia. Rather than granting the motion for acquittal, the district court took judicial notice of the fact that Lorton is within the bounds of the Eastern District of Virginia. Hendrix contends on appeal that the court erred in denying the Rule 29 motion and in taking judicial notice of venue.

We review the denial of a Rule 29 motion de novo. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). "As a general proposition, venue is proper in any district where the subject crime was committed." United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005); Fed. R. Crim. P. 18 (requiring

2

prosecution to take place in district where crime was committed). Venue, which is not an element of the offense, need be established by only a preponderance of the evidence. Ebersole, 411 F.3d at 524. A district court may take judicial notice that venue is proper in a particular district. United States v. Kelly, 535 F.3d 1229, 1235–36 (10th Cir. 2008); United States v. Greer, 440 F.3d 1267, 1272 (11th Cir. 2006).

We conclude that the district court did not err when it denied the motion for judgment of acquittal. Because the location of Lorton, Virginia, is generally known to be in the Eastern District of Virginia, as verifiable from "sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), the district court did not err in judicially noticing that fact and in concluding that venue was proper in the Eastern District of Virginia.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decision process.

AFFIRMED